## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

ROBERT M. SAMSON,

    Plaintiff,

    v.

MAGISTRATE MARK TYLER,
JOHN RENDER, and
BARBARA R. TRADER,

    Defendants.

Civil Action No.: JKB-22-1200

## MEMORANDUM

Robert M. Samson brings this civil rights complaint pursuant to 42 U.S.C. § 1983 against State Magistrate Judge Mark Tyler, and attorneys John Render and Barbara R. Trader, regarding the report and recommendation written by Judge Tyler after a child custody hearing in the Circuit Court for Wicomico County, Maryland. ECF No. 1. Samson has paid the full filing fee, nevertheless the Complaint shall be dismissed for the reasons that follow.

The Court lacks subject matter jurisdiction to hear the case. Federal courts are courts of limited jurisdiction and "may not exercise jurisdiction absent a statutory basis." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). Title 28 U.S.C. § 1331 provides that a federal court may hear "all civil actions arising under the Constitution, laws, or treaties of the United States," commonly known as federal question jurisdiction. For the Court to retain federal question jurisdiction, the federal question must be a direct element in the plaintiff's claim, must be substantial, and not plainly frivolous. *McLucas v. DeChamplain*, 421 U.S. 21, 28 (1975). Where no federal question is presented, the Court may nonetheless retain diversity jurisdiction pursuant

to 28 U.S.C. § 1332 if the matter in controversy exceeds $75,000 and is between citizens of different states.

A court retains "an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). To establish jurisdiction, the Court looks to those facts affirmatively alleged in the complaint. *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir.1999) (citing *McNutt v. Gen'l Motors Acceptance Corp.*, 298 U.S. 178, 56 S. Ct. 780, 80 L. Ed. 1135 (1936)). "A court is to presume, therefore, that a case lies outside its limited jurisdiction unless and until jurisdiction has been shown to be proper." *United States v. Poole*, 531 F.3d 263, 274 (4th Cir. 2008) (citing *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994)). The party seeking to avail itself of this Court's jurisdiction bears the burden of proof. *Robb Evans & Assocs., LLC v. Holibaugh*, 609 F.3d 359, 362 (4th Cir. 2010); *accord Hertz*, 599 U.S. at 96; *McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010). Additionally, the inherent authority of the court permits the dismissal of a complaint, even where the filing fee has been paid. *Chong Su Yi v. Soc. Sec. Admin.*, 554 F. App'x 247, 248 (4th Cir. 2014) (citations omitted).

As to diversity jurisdiction, "Congress did not authorize [federal courts] to declare ab initio litigants' rights and duties under family relations laws." *Cole v. Cole*, 633 F.2d 1083, 1087 (4th Cir. 1980). For matters concerning child custody, such as ordering payment of child support, this Court retains no diversity jurisdiction. *See Cantor v. Cohen*, 442 F.3d 196, 202 (4th Cir. 2006); *Wasserman v. Wasserman*, 671 F.2d 832, 834 (4th Cir. 1982) ("diversity jurisdiction does not include power to grant divorces, determine alimony or support obligations, or decide child custody

2

rights"). Accordingly, to the extent Samson intended to file a civil complaint alleging state law claims, this Court lacks jurisdiction to hear the case.[1]

The Court similarly cannot establish jurisdiction by construing Samson's Complaint as brought under 42 U.S.C. § 1983 because the federal questions presented by his Complaint are clearly foreclosed by well-established precedents. *See Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 89 (1998) (quoting *Oneida Indian Nation of N.Y. v. Cnty. of Oneida*, 414 U.S. 661, 666 (1974) ("Dismissal for lack of subject-matter jurisdiction . . . is proper [ ] when the claim is 'so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as to not involve a federal controversy.'"). First, Samson seeks to hold State Magistrate Judge Tyler liable for decisions made during his state domestic relations proceedings. This cause of action cannot be maintained because it is prohibited by the doctrine of judicial immunity. *See Forrester v. White*, 484 U.S. 219, 226-27 (1988). "If judges were personally liable for erroneous decisions, the resulting avalanche of suits, most of them frivolous but vexatious, would provide powerful incentives for judges to avoid rendering decisions likely to provoke such suits. The resulting timidity would be hard to detect or control, and it would manifestly detract from independent and impartial adjudication. Nor are suits against judges the only available means through which litigants can protect themselves from the consequences of judicial error. Most judicial mistakes or wrongs are open to correction through ordinary mechanisms of review, which are largely free of the harmful side-effects inevitably associated with exposing judges to personal liability." *Id.*

---

[1] Nor can this Court issue any mandamus relief against the state court that issued the challenged domestic relations order. *See Gurley v. Superior Court of Mecklenburg Cnty.*, 411 F.2d 586, 587 (4th Cir. 1969), *see also* 28 U.S.C. § 1361.

Samson also contends that John Render, apparently the attorney for the opposing party, and Barbara Trader, the attorney appointed by the court for the minor children, failed to correct the errors contained in Magistrate Tyler's report and recommendation. However, to state a claim under § 1983, a plaintiff must allege (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a "person acting under the color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988); *see Crosby v. City of Gastonia*, 635 F.3d 634, 639 (4th Cir. 2011), *cert. denied*, 565 U.S. 823 (2011); *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 615 (4th Cir. 2009); *Jenkins v. Medford*, 119 F.3d 1156, 1159-60 (4th Cir. 1997). Neither Render or Trader may plausibly be considered state actors or as having engaged in state action, necessary predicates for a constitutional claim. *See* 42 U.S.C. § 1983; *West*, 487 U.S. at 48 (1988); *Mentavlos v. Anderson*, 249 F.3d 301, 310 (4th Cir. 2001) (only state actors are proper defendants under § 1983). Privately retained attorneys do not act under color of state law even if they are appointed by the court. *See Deas v. Potts*, 547 F.2d 800, 800 (4th Cir. 1976); *see also Hall v. Quillen*, 631 F.2d 1154, 1155-56 (4th Cir. 1980). Defendants Render and Trader are private attorneys. Thus, Samson's § 1983 claims cannot proceed against them.

To the extent Samson contends Defendants defamed him during the conduct of his state domestic relation proceedings, his complaint is also unavailing. Maryland recognizes "an absolute privilege most notably with respect to judges, attorneys, parties, and witnesses who publish defamatory material during the course of a judicial proceeding." *McDermott v. Hughley*, 317 Md. 12, 22, 561 A.2d 1038, 1043 (1989) (quoting *Gersh v. Ambrose*, 291 Md. 188, 192, 434 A.2d 547 (1981)). Statements uttered in the course of a trial or contained in pleadings, affidavits, depositions and other documents directly related to the case partake of this privilege; they cannot serve as the basis for an action for defamation. *Gill v. Ripley*, 352 Md. 754, 761-62, 724 A.2d 88, 92 (1999)

4

(citations omitted); *Miner v. Novotny*, 304 Md. 164, 168, 498 A.2d 269, 271 (1985). The privilege, moreover, remains absolute regardless of whether the defamatory statements are relevant to the subject matter of the proceedings. *See id.*; *Holt v. Camus*, 128 F. Supp. 2d 812, 815-16 (D. Md. 1999). In sum, no matter how it is construed, Samson's Complaint fails to establish that the Court has subject-matter jurisdiction to hear his claims. Accordingly, it will be dismissed.

A separate Order follows.

Dated this ___3___ day of __Aug.___, 2022.

FOR THE COURT:

James K. Bredar
Chief Judge